UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:14-CR-83 |
| vs. | ) | |
| | ) | |
| WILLIAM BASS | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

I. Introduction

The Court entered an order on February 23, 2015, granting a motion for psychiatric evaluation pursuant to 18 U.S.C. §§4241 and 4247. A Forensic Report was received by the undersigned Magistrate Judge and was placed in the Court file under seal by order of July 23, 2015 (Doc. 92).

The parties stipulate to the contents of the forensic report. The evidence before the Court is the evaluation of Dia B. Boutwell, Ph.D., ABPP of the Federal Medical Center in Lexington, Kentucky. The forensic report recommends that Defendant Bass is not competent to stand trial and suffers from a neurocognitive disorder whose possible progression is unknown. He could benefit from competency restoration education. It is uncertain however if he will be able to retain that information in light of his memory impairments. It is recommended that Defendant be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d).

When the question of competency is raised, the government has the burden of proving competency by a preponderance of the evidence. *United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991), *cert. denied*, 506 U.S. 932 (199); *United States v. Velazquez*, 885 F.2d 1076, 1089 (3rd Cir. 1989), *cert. denied*, 494 U.S. 1017 (1990); *Lowenfield v. Phelps*, 817 F.2d 285, 294 (5th Cir. 1987), *aff'd*, 484 U.S. 231 (1988). In this case, the government appears to concede that Defendant is not presently competent and the Court finds by the preponderance of the evidence that Defendant Bass is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his

1

defense, and unable to appreciate the nature, quality, or wrongfulness of the offenses charged.

## II. Conclusion

It is RECOMMENDED[1]:

(1) The Court commit the Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General hospitalize the Defendant for treatment in a suitable facility:

> A. For a reasonable period of time not to exceed four (4) months as is deemed necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the case to proceed, and
>
> B. For an additional reasonable period of time until:
>
>> 1. Defendant's mental condition is so improved that the case may proceed if the Court finds there is a substantial probability that within such an additional period of time he will attain the capacity to permit the case to proceed, or
>>
>> 2. The pending charges against Defendant are disposed of according to law, whichever is earlier.
>
> C. The initial report was performed at the Federal Medical Center in Lexington, Kentucky. The Defendant remains on bond. It is therefore RECOMMENDED that the Court ORDER that Defendant self-report to such facility as may be designated for restoration of competency. If Defendant cannot self-report to that designated facility, it is RECOMMENDED he be taken into custody and the U.S. Marshal transport him to the designated facility.

(3) The Court be notified of Defendant's status following hospitalization and/or upon his return to this district.

S /*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

1 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

2

Case 1:14-cr-00083-CLC-CHS   Document 97   Filed 07/28/15   Page 2 of 2   PageID #: 332