UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:14-CR-83 |
| vs. ) | |
| ) | Judge Curtis L. Collier |
| WILLIAM BASS ) | |

# **O R D E R**

On July 28, 2015, United States Magistrate Judge William B. Carter filed a report and recommendation ("R&R") in this case, pursuant to 28 U.S.C. § 636(b) and Fed. R. Crim. P. 59(b) (Court File No. 97), recommending the Court find Defendant William Bass ("Defendant") not competent to stand trial. The magistrate judge based this recommendation on a forensic report concluding that Defendant suffers from a neurocognitive disorder whose possible progression is unknown. Both Defendant and the Government acknowledge that Defendant is not presently competent, and neither party has objected to the R&R within the given fourteen days. *See* Fed. R. Crim. P. 59(b)(2).

Therefore, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's R&R (Court File No. 97), pursuant to 28 U.S.C. § 636(b)(1), and **DETERMINES** that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense, and unable to appreciate the nature, quality, or wrongfulness of the offenses charged. The Court **ORDERS** as follows:

(1) Defendant shall be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall hospitalize Defendant for treatment in a suitable facility:

A. For a reasonable period of time not to exceed four months as is deemed necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the case to proceed, and

B. For an additional reasonable period of time until:

1. Defendant's mental condition is so improved that the case may proceed if the Court finds there is a substantial probability that within such an additional period of time he will attain the capacity to permit the case to proceed, or

2. The pending charges against Defendant are disposed of according to law, whichever is earlier.[1]

C. Defendant shall self-report to such facility as may be designated for restoration of competency. If Defendant cannot self-report to the designated facility, the U.S. Marshal shall take him into custody and transport him to the designated facility.

(3) The director of the facility in which Defendant is hospitalized shall promptly notify the Court of Defendant's status if the director determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, Defendant will be subject to the provisions of 18 U.S.C. §§ 4246 and 4248. *See* 18 U.S.C. § 4241(d).